**I. B. ADELMAN, Plaintiff,**

v.

**PARAMOUNT PICTURES, INC., et al.,
Defendants.**

**Civ. A. No. 6724.**

United States District Court
S. D. Texas,
Houston Division.
April 1, 1960.

———◆———

Vinson, Elkins, Weems & Searls (Gaius G. Gannon, Jr.), of Houston, Tex., and McConnell, Paschen, Curtis & Looby (Thomas C. McConnell), of Chicago, Ill., for plaintiff.

Butler, Binion, Rice & Cook, Houston, Tex. (Jack Binion, Houston, Tex.), Worsham, Forsythe & Riley, Dallas, Tex.

(Jos. Irion Worsham, Dallas, Tex.), Baker, Botts, Andrews & Shepherd, Houston, Tex. (William R. Brown, Houston, Tex.), and Donovan, Leisure, Newton & Irvine, New York City (Roy W. McDonald, New York City), for defendants.

INGRAHAM, District Judge.

Proceeding to modify decree of injunction in an anti-trust action. The amended complaint on which this action was tried sought treble damages and injunctive relief under Sections 1 and 2 of the Sherman Act and Sections 4, 12 and 16 of the Clayton Act, 15 U.S.C.A. §§ 1, 2, 15, 22 and 26. A jury verdict in the amount of $20,000 was returned in favor of plaintiff. The court thereafter entered judgment for plaintiff in the amount of $60,000 and, in addition thereto, allowed plaintiff a reasonable attorney's fee in the amount of $15,000. After hearing further evidence the court also entered a decree of injunction which is the subject of the instant petition.

The parties involved are as follows. Plaintiff owns and operates the Delman Theatre, located at 4412 South Main Street, Houston, Texas. Named as defendants were Paramount Pictures, Inc., Paramount Film Distributing Corporation, Loew's, Incorporated, Twentieth Century-Fox Film Corporation, Warner Brothers Pictures, Inc., Warner Brothers Pictures Distributing Corporation, Radio-Keith-Orpheum Corporation, RKO Radio Pictures, Inc., Columbia Pictures Corporation, Universal Pictures Corporation, Universal Film Exchanges, Inc., and United Artists Corporation, which collectively are referred to as the "distributor defendants". Also named as defendants were Interstate Circuit, Inc. and Texas Consolidated Theatres, Inc., which, together with Paramount Pictures, Inc. and Loew's, Incorporated, are referred to as the "exhibitor defendants".

Defendant Paramount Pictures, Inc. owned fifty per cent of the stock in Interstate Circuit, Inc. and Texas Consolidated Theatres, Inc. at the time of the conspiracy complained of. Interstate owned and operated the Metropolitan, Majestic, and Kirby Theatres located in downtown Houston. Interstate also operated the Alameda (Almeda), River Oaks, Tower, Alabama, and Village Theatres, which latter theatres were found to be in direct and substantial competition with plaintiff's Delman Theatre. Loew's, Incorporated owned and operated the Loew's State Theatre in downtown Houston.

The case is before the court upon plaintiff's petition to modify the decree of injunction, which has been submitted by defendants, plaintiff's motion for continuance of the hearing on said petition, and defendants' objections to plaintiff's interrogatories.

Plaintiff has pending before the court a petition to modify the decree, entered in this action on September 16, 1955, which he filed on May 9, 1958. On September 15, 1959, plaintiff supported this petition with a brief and his own affidavit. After interrogatories to plaintiff were answered on November 24, 1959, defendants filed their reply briefs on January 16, 1960, and on February 9, 1960, moved that the matter be placed upon the court's motion calendar for February 22, 1960. On February 19, 1960, plaintiff moved for a continuance of the hearing on his petition for sixty days at least on the ground that his counsel was involved in trial elsewhere; a hearing to present testimony and oral argument was requested. On the same day interrogatories also were filed and served by mail on the various defendants.

On February 19 and March 1 and 3, 1960, defendants filed memoranda in opposition to plaintiff's motion for continuance and to his interrogatories. They contend that the motion for continuance was not timely filed, giving five days notice in accordance with Rule 6(d), F.R. Civ.P., 28 U.S.C.A., and was not asserted for a proper purpose, since its purpose, they claim, was to reopen the evidence which had long since been closed. They maintain that the interrogatories came too late, when filed almost simultaneously with the submission to the court of the motion to modify decree, and that

there was no occasion or justification for rebuttal testimony, or, in effect, a reopening of the evidence when the matter was being submitted upon plaintiff's testimony alone and the record made heretofore in the case.

On February 26, 1960, plaintiff replied that the timeliness of his motion for continuance and oral hearing could not be questioned, since defendants by their own admission received notice of the same on February 19 before February 22, the motion day in question. He argues that the continuance should be granted as a matter of comity on the ground that his counsel presently is engaged in trial in a state court and that, with an exception not relevant here, interrogatories may be served at any time after the commencement of the action without leave of court.

Defendants insist that plaintiff has had ample time to present his case. They point out that sixteen months passed between the filing of plaintiff's petition and the filing of his brief and affidavit, that they promptly proceeded with their discovery procedure, that seven weeks after plaintiff answered their interrogatories they filed their briefs, and that three weeks after the filing of their briefs they submitted the matter for judgment. They show that plaintiff had five weeks from the filing of their briefs to the motion day in question to file any reply brief he might have. They conclude that it would be unfair for plaintiff to be permitted to make a new record, when the matter is ready for submission on the record plaintiff has already made. They urge that certain law points, raised in their briefs on the present record, be disposed of before a new record is made.

The court believes that these law points can be decided and a ruling made upon plaintiff's petition on the record made heretofore in the case. These legal questions concern interpretation of the injunction decree of September 16, 1955, and the defenses of res judicata and estoppel. Since they can be determined on the record and the excellent briefs of all counsel concerned, the taking of further testimony or oral argument will not be necessary. Any questions concerning the meaning of the decree of September 16, 1955, should be decided before defendants are required to answer plaintiff's interrogatories, which concern the operation of Houston theatres since that date. No ruling will be made on the motion for continuance or objections to the interrogatories until the law points raised by the briefs are disposed of.

The legal questions submitted by defendants upon which the court will rule are the following:

1. Do the principles of res judicata and estoppel preclude the court from granting the relief which plaintiff seeks, which he formerly conceded at trial he was not entitled to, and which the court specifically refused on prior adjudications?

2. Can plaintiff present again his request for this modification of the decree which he has already sought once since the ground for relief now asserted came into existence?

Plaintiff contends that the court found in 1955 that the only theatres in Houston regularly exhibiting on a first-run policy were Interstate's Metropolitan, Majestic, and Kirby Theatres and Loew's State, that plaintiff's Delman Theatre had not been afforded an opportunity to compete for first-run films licensed by defendant distributors except on restricted terms, and that these restricted offers have not enabled the Delman to operate as a first-run theatre in Houston or in its own competitive area. Thus plaintiff considers No. 18 to be the key finding of fact:

"18. The foregoing restricted competition for films has prevented the plaintiff from offering substantial competition to Interstate in either the first-run or second-run exhibition business in Houston, and is a result of the conspiracy to monopolize said first-run and second-run exhibition business found by the jury in this case."

Plaintiff concludes that the court found a monopoly to exist in the exhibition of first-run films in Houston, that the decree clearly contemplated that the Delman should be afforded an opportunity to compete for first-run films comparable in quality to those exhibited in the downtown theatres of Interstate and Loew's, but that, because of the decree and changed circumstances, the Delman is unable to compete for first-run films with the downtown theatres of Interstate and Loew's.

The court stated, however, in its conclusions of law that the distributor defendants should be enjoined from denying to the plaintiff an equal opportunity with the exhibitor defendants to compete for an exclusive first run of any feature film offered in Houston, except those licensed on such run to the Loew's State, Metropolitan, or Majestic Theatres. Its decree of injunction in this regard stated:

"3. That each of the distributor defendants * * * are hereby enjoined from:

"A. Denying to the plaintiff an equal opportunity with the exhibitor defendants, Paramount Pictures, Inc., Interstate Circuit, Inc., Texas Consolidated Theatres, Inc., and Loew's, Incorporated, to compete for an exclusive first run of any feature film offered in Houston, Texas, except such films as may be licensed for first-run exhibition in the Loew's State, Metropolitan, or Majestic Theatres."

This decree left the Kirby as the only downtown theatre, regularly exhibiting films on a first-run policy, against which plaintiff could compete. On April 16, 1956, the Kirby Theatre was closed and has remained closed since that date. Under the terms of the decree and by reason of the closing of the Kirby plaintiff argues that Interstate and Loew's by agreement enjoy an absolute monopoly of first-run exhibition and completely exclude the competition of plaintiff's theatre, since the Loew's State, Metropolitan, and Majestic Theatres utilize the first-run films that heretofore were available to the Kirby. Plaintiff prays for a modification of the injunction providing either for an equal opportunity with the exhibitor defendants to compete for an exclusive first run of any feature film offered in Houston by the distributor defendants or for an injunction against a 28-day clearance imposed against plaintiff regarding films exhibited at the Loew's State, Metropolitan, or Majestic Theatres. In his brief he insists that competition can only be created against defendants' alleged monopoly of first-run exhibition by permitting plaintiff's theatre to bid against one or more of defendants' downtown first-run theatres, namely, the Lowe's State, Metropolitan, or Majestic. The issue of unreasonable clearance time has not been developed by plaintiff and will not be considered.

Defendants contend that plaintiff placed in issue a charge of conspiracy to deprive him generally of an opportunity to compete for first-run exhibition in Houston and to prefer the Loew's State and all Interstate Theatres, including the Metropolitan and Majestic, over plaintiff's Delman Theatre. They maintain that the testimony at trial showed that the Delman could not hope to compete with such theatres for first-run films and that in the light of such testimony plaintiff formally conceded that he was not in competition with the Loew's State, Metropolitan, and Majestic. They would further show that plaintiff lost on this contention in the court's charge to the jury and in the proposed findings submitted in the hearing for equitable relief. They conclude that there has been a final adjudication of this issue and that the court is precluded from granting any relief permitting plaintiff to compete with the Loew's State, Metropolitan, and Majestic Theatres by the principles of res judicata and estoppel.

Defendants further state that plaintiff has had his day in court on the contention that the closing of the Kirby Theatre created a change in circumstances justifying a modification of the decree. In

1956, after the closing of the Kirby, they would show that distributor defendants initiated proceedings to modify the decree so as to permit a multiple non-exclusive first-run showing of films not exhibited in the Loew's State, Metropolitan, or Majestic. At that hearing they contend that plaintiff took the position, at a time when the Kirby had been closed for several months, that there should be just such a modification of the decree as is now sought. Thus they claim that plaintiff cannot present again his request for this modification of the decree which he has already sought once since the ground for relief now asserted came into existence.

The court believes that plaintiff's petition should be denied because the relief requested is barred by the principles of res judicata and estoppel and because plaintiff has had his day in court on the changed circumstances pleaded. The first law point raised by defendants' briefs should be answer in the affirmative, while the second should be answered in the negative.

The relief prayed for is barred by the principles of res judicata and estoppel because the issue of plaintiff's right to compete for first-run exhibition in Houston against the Loew's State, Metropolitan, and Majestic Theatres was raised by his pleadings and on trial and was decided adversely to him. In paragraph 50 of the complaint it is alleged:

"Plaintiff and the public are entitled to have exhibited in plaintiff's Delman Theatre feature pictures on first-run, first-run day and date, and move-over runs or at least on second-run with a clearance of not over fourteen days after first-run. As hereinafter more particularly described, the exclusive licensing of defendants' Loew's and Interstate Theatres for first-run and move-over exhibition is not justifiable on any lawful or reasonable basis and is due to defendants' illegal conspiracy to award a monopolistic position to theatres owned by defendants Loew's and Interstate."

It appears that plaintiff conceded that he was not entitled to compete against the Loew's State, Metropolitan, and Majestic Theatres from the following colloquy at the hearing on objections and exceptions to proposed charges to the jury:

"The Court: In the first paragraph on page 14, in the fifth line from the bottom, I have eliminated the phrase 'in a downtown theatre' and have substituted therefor 'in the Majestic, Loew's and Metropolitan Theatres'. Mr. McDonald excepts to that and I assume all the defendants do?

"Mr. Worsham: Yes, sir, we do.

"The Court: And stands on the original request that he or some of the other defendants made which incorporates some of the matters given.

"Mr. McCorquodale: In view of the fact that we have conceded we don't compete with those big three for the pictures, I am just wondering if we need that? (Discussion)

"The Court: I am going to eliminate the paragraph. You are not contending for first run in this case.

"Mr. Binion: Your Honor, I think we should have an instruction that they are not.

"The Court: I am going to eliminate it. Mr. Reporter, and I am going to add this—I am going to charge as follows—put it on a separate sheet of paper:

"You are instructed that the plaintiff has conceded that he is not entitled to compete for first-run exhibition in the City of Houston against the Loew's State Theatre, the Majestic Theatre, and the Metropolitan Theatre, but does contend that he is entitled to compete for first-run exhibition against the Kirby Theatre and any other theatre operated by the exhibitor defendants." Record, page 40, et seq.

Subsequently the court charged the jury in the exact language set forth. See page 8 of the court's charge.

Plaintiff again asserted in the hearing for equitable relief his contention that he should be accorded the right to compete against the named theatres for first-run exhibitions, but again he lost.

Plaintiff's proposed Finding No. 22 was as follows:

"Unless the plaintiff is given an unrestricted opportunity to compete with Interstate Theatres and Loew's State for such exclusive runs as the distributor-defendants may offer in Houston, the defendants' conspiracy will continue and the plaintiff will suffer substantial irreparable injury."

In contrast, the court's Finding No. 19 in response to this proposal was as follows:

"Unless the plaintiff is given an equal opportunity to compete with the Kirby and River Oaks Theatres for an exclusive first run of all films which the distributor-defendants may offer for exhibition in Houston *and do not license on such run to Loew's State, Majestic or Metropolitan Theatres*, the defendants' conspiracy will continue and the plaintiff will suffer substantial irreparable injury." (Emphasis supplied.)

Plaintiff's proposed Conclusion of Law No. 4 was as follows:

"In order to prevent irreparable injury to plaintiff and to end such conspiracy * * * (b) the distributor-defendants should be enjoined from denying to the plaintiff an equal opportunity with the exhibitor-defendants to compete for any exclusive run offered in Houston * * *"

In response to this proposal the court found:

"In order to prevent irreparable injury to the plaintiff and to end such conspiracy * * * (b) the distributor-defendants should be enjoined from denying to the plaintiff

an equal opportunity with the exhibitor-defendants to compete for an exclusive first run of any feature film offered in Houston, Texas, *except those licensed on such run to Loew's State, Metropolitan, or Majestic Theatres*." Conclusions of Law, Paragraph 4. (Emphasis supplied.)

The injunctive relief proposed by plaintiff was as follows:

"Each of the distributor-defendants is hereby enjoined from denying to the plaintiff an equal opportunity with the exhibitor-defendants to compete for any exclusive run of a feature film offered in Houston."

In response to this proposal the pertinent injunctive relief allowed by the court was as follows:

"That each of the distributor-defendants * * * are hereby enjoined from:

"A. Denying to the plaintiff an equal opportunity with the exhibitor-defendants * * * to compete for an exclusive first run of any feature film offered in Houston, Texas, *except such films as may be licensed for first-run exhibition in the Loew's State, Metropolitan, or Majestic Theatres* * * *" Judgment, Paragraph 3. (Emphasis supplied.)

▆▆▆ The record in this case is clear. At every juncture plaintiff contended that he should be accorded the right to compete against the Loew's State, Metropolitan, and Majestic Theatres. At every juncture he lost. From his defeat he took no appeal. He now proposes that the prior adjudication be disregarded and that he be accorded the relief heretofore specifically denied. But the prior adjudication is binding on plaintiff. Furthermore, to the extent that plaintiff seeks to use the closing of the Kirby Theatre as a basis for modifying the decree, the authority to modify does not encompass the imposition of restrictions on business practices which theretofore in the same proceeding had been put in issue with an adjudication favorable to defendants.

An examination of the record clearly shows that the court found no violation of the anti-trust laws with respect to the Loew's State, Metropolitan, and Majestic Theatres and that any finding against defendants was limited to the two other first-run theatres, the Kirby and River Oaks. The court's Finding No. 18, upon which plaintiff bases his allegation of a general finding of monopoly, must be read in the context of other findings of fact. There the following appears:

"8. The defendant Interstate Circuit is successfully operating the River Oaks Theatre in Houston upon an *exclusive first-run* art policy and has successfully exhibited some of defendants' 'A' pictures for extended engagements of two weeks or more.

"9. The only *other theatres* in Houston operating on a first-run policy are Interstate's Metropolitan, Majestic and Kirby Theatres and Loew's State, all of which ordinarily exhibit a film for one week.

\*      \*      \*      \*      \*      \*

"19. Unless the plaintiff is given an equal opportunity to compete *with the Kirby and River Oaks Theatres* for an exclusive first run of all films which the distributor-defendants may offer for exhibition in Houston and do not license on such run to Loew's State, Majestic, or Metropolitan Theatres, the defendants' conspiracy will continue and plaintiff will suffer substantial injury." (Emphasis supplied.)

Equal care was exercised by the court in its conclusions of law. The following should be noted:

"1. The defendants have been found by the jury's verdict in this case to have violated Sections 1 and 2 of the Sherman Act by *conspiring* with each other to monopolize the first-run and second-run exhibition of films in Houston, Texas.

\*      \*      \*      \*      \*      \*

"3. The *foregoing conspiracy* has not ended, and the plaintiff is threatened with further injury *therefrom* unless an injunction is issued herein." (Emphasis supplied.)

The "foregoing conspiracy" referred to by the court was specifically limited to that "found by the jury's verdict" which could not possibly have included a conspiracy relative to the Loew's State, Metropolitan, and Majestic Theatres as the court by its charge, quoted above, affirmatively withdrew from the consideration of the jury the practices relative to such theatres with the instruction that "the plaintiff has conceded that he is not entitled to compete for first-run exhibition in the City of Houston against the Loew's State, the Majestic Theatre, and the Metropolitan Theatre".

The court ended its conclusions of law with the following:

"4. In order to prevent irreparable injury to the plaintiff and to end *such conspiracy* (a) all of the defendants should be enjoined from continuing *that conspiracy*, (b) the distributor-defendants should be enjoined from denying to the plaintiff an equal opportunity with the exhibitor-defendants to compete for an exclusive first-run of any feature film offered in Houston, Texas, *except those licensed on such run to the Loew's State, Metropolitan, or Majestic Theatres,* \* \* \*" (Emphasis supplied).

Again, "such conspiracy" and "that conspiracy" specifically referred to that "found by the jury's verdict" which as above noted did not include conduct relative to the Loew's State, Metropolitan, or Majestic Theatres. To make this abundantly clear the court specifically excluded such theatres from the relief granted. In the decree itself the court made specific reference to its "having herewith entered its Findings of Fact and Conclusions of Law as to said equitable relief" and from such relief again specifically excluded "such films as may be licensed for first-run exhibition in the

Loew's State, Metropolitan and Majestic Theatres * * * "

From the foregoing it is apparent that if plaintiff has any cause for complaint against defendants as to licensing practices in the Loew's State, Metropolitan, and Majestic Theatres, such must be founded upon a new cause of action arising subsequent to the decree herein. Down through the proceedings, every adjudication as to these theatres has been favorable to defendants. The accepted way for the assertion of new causes of action is through the filing of a new law suit, not through a petition to modify the decree.

At this point it will be appropriate to consider the law of res judicata. In United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S.Ct. 104, 105, 95 L.Ed. 36, the Supreme Court reiterated the rule it will apply in questions of the applicability of res judicata, quoting Southern Pac. R. Co. v. United States, 1897, 168 U.S. 1, at pages 48–49, 18 S. Ct. 18, at page 27, 42 L.Ed. 355, as follows:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

See also 50 C.J.S. Judgments § 712, and 30 Am.Jur., Judgments, Sec. 324.

In this litigation plaintiff by his complaint put in issue all first-run exhibitions. Having been put in issue, there is no doubt about the binding effect of the adjudication from which no appeal was taken. In the Restatement of Judgments (American Law Institute 1942,

Sec. 60, comment f, pp. 303–304), the following applicable rule will be found:

" * * * if a question of fact is put in issue by the pleadings, and at the trial the party who has the burden of proof offers no evidence in support of his allegations, and the court directs a verdict against him, the question is litigated and a judgment on the verdict is conclusive between the parties as to the question.

"If a question of fact is put in issue by the pleadings, and at the trial the fact is admitted and in consequence no proof is offered by the party having the burden of proof, the question is litigated and a judgment is conclusive between the parties as to the question."

Assuming that plaintiff is proceeding properly in seeking a modification of the decree, there is nothing in his petition which possibly could afford a basis for the relief sought. In such petition plaintiff does not attempt to plead a new cause of action but on the contrary seeks to rely on prior adjudications. This is made clear in Paragraph 7 of the petition wherein plaintiff alleges:

"That the plaintiff in this cause, *having prevailed on the anti-trust issues raised herein* and the Court having found a monopoly to exist in the first-run exhibition of motion pictures in Houston, Texas, is under applicable legal precedent entitled to an effective equitable relief against said monopoly; * * * " (Emphasis supplied).

As shown above, plaintiff did not prevail on the anti-trust issues as to the three theatres against which he now asks for an injunction.

If plaintiff has any ground for relief, it must be contained in his pleading. The only pleading he has before the court is his petition to modify the decree. There is no new matter contained therein except allegations concerning the Sharpstown Theatre (Paragraph 6), the pertinent parts of which were denied by defendants and on which plaintiff offers no

proof, and further allegations (Paragraph 5) relative to the closing of the Kirby Theatre. The conclusory statements in plaintiff's affidavit do not constitute new matter. Plaintiff concedes that the Kirby Theatre was closed on April 16, 1956 (see plaintiff's brief, p. 6), and the petition to modify the decree (Paragraph 6) affirmatively demonstrates that more than ten months thereafter the court had under consideration and modified Paragraph 3-A of the decree, the very paragraph now under consideration.

The record discloses that plaintiff appeared at the hearing held on the matter, filed a four-page memorandum signed by his then attorney, Robert L. Wright, Esq., a seven-page affidavit signed by his booker, Harry Sachs, and a three-page affidavit which plaintiff himself signed. Despite the fact that the Kirby Theatre had been closed for months and the further fact that said theatre specifically was mentioned (see pg. 5 of Sachs' affidavit), there is no allegation in any of these documents that the Kirby Theatre had been closed for months and that such closing had an adverse effect upon plaintiff's business. The relief sought by plaintiff was exactly the same then as it is now, but he did not assign the closing of the Kirby as a ground for such relief. The following statement of plaintiff's then position appears on pages 2 and 3 of the memorandum filed in December, 1956, by his attorney:

"   *   *   * The existing paragraph 3-A should therefore be modified to read as follows:

"Denying to the plaintiff an equal opportunity with the exhibitor-defendants   *   *   * to compete for an exclusive first run of any feature film offered in Houston, Texas; *   *   *"

By its order of February 19, 1957, the court modified Paragraph 3-A of the decree to permit multiple first-run distribution as sought by the distributor defendants; however, it again ruled against plaintiff with respect to the Loew's State, Metropolitan, and Majestic Theatres by refusing to adopt the amendment, quoted above, contended for by plaintiff.

Again the principles of res judicata, discussed above, become applicable. They preclude plaintiff from seeking relief now on the basis of the closing of the Kirby Theatre, since he failed to assert such a claim when he was in court with an opportunity to do so months after such theatre was closed. In the Restatement of Judgments (American Law Institute 1942, Secs. 1 and 63), the following applicable rules are announced:

"Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has jurisdiction over the parties and the cause of action, and the court has finally decided the controversy, the interests of the State and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them." (Section 1, p. 9).

"The principle stated in this section is applicable although the unsuccessful party in fact had no knowledge of the grounds for setting aside or reversing the judgment until his right was lost. The fact that under the particular circumstances the unsuccessful party cannot by direct proceedings in the action have the judgment set aside may cause hardship to him; but public policy requires that the hardship in the particular case should yield to the general public interest in favor of putting an end to litigation." (Section 1, comment b, pp. 10–11).

"Where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining an action on the same cause of action although he presents a ground for the relief asked other than those presented in the original action,   *   *   *" (Section 63, pp. 257–8).

"The rule has the effect of coercing the plaintiff to present all of his

grounds for recovery in the first proceeding, which is similar to the coercion upon the defendant to produce all of his defenses to the claim set up by the plaintiff." (Section 63, comment a, p. 258).

From the record it is obvious that any issue as to the effect of the closing of the Kirby Theatre is an afterthought which comes too late.

Plaintiff's petition to modify decree of injunction will be dismissed. Plaintiff's motion for continuance and defendants' objections to plaintiff's interrogatories are now moot. The clerk will notify counsel to draft and submit judgment accordingly.