I. B. ADELMAN, Appellant,

v.

PARAMOUNT PICTURES, INC., et al., Appellees.

No. 18484.

United States Court of Appeals Fifth Circuit.

Dec. 8, 1961.

Thomas C. McConnell, Chicago, Ill., Gaius G. Gannon, Jr., Houston, Tex., Francis J. McConnell, Chicago, Ill., McConnell, Paschen & Curtis, Chicago, Ill., of counsel, for appellant.

Jos. Irion Worsham, Dallas, Tex., Jack Binion, Houston, Tex., Roy W. McDonald, New York City, Worsham, Forsythe & Riley, Dallas, Tex., Butler, Binion, Rice & Cook, Houston, Tex., of counsel, for Interstate Circuit, Inc. and Texas Consolidated Theatres, Inc.

William R. Brown, Baker, Botts, Andrews & Shepherd, Houston, Tex., Donovan, Leisure, Newton & Irvine, New York City, of counsel, for distributor appellees.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

JONES, Circuit Judge.

This appeal might well be disposed of by a reference to the opinion of the district court in which the facts are distinctly set forth and the applicable law is clearly stated. Adelman v. Paramount Pictures, Inc., 182 F.Supp. 217. The judgment of the district court is affirmed. A few observations on our part may be appropriate.

This suit was brought in 1948 by the appellant, I. B. Adelman, the owner of the Delman Theatre in Houston, Texas,

seeking an injunction to allow him to compete with specifically designated theatres which were operated by appellees for first run feature films. It was contended by the appellant that he was entitled to compete with all theatres in Houston operated by appellees. It was expressly determined that he was not in competition with appellees' Loew's State, Metropolitan or Majestic Theatres. It was held that he was entitled to compete with appellees' Kirby and River Oaks Theatres, and a judgment was entered on September 16, 1955, enjoining the appellees from denying the appellant an equal opportunity to compete for the first run of feature film in Houston except such as might be licensed for first run exhibition at Loew's State, Metropolitan or Majestic Theatres. There were two other first run theatres in Houston operated by appellees, the Kirby and the River Oaks. The Kirby was a downtown theatre; the River Oaks was not. There was no appeal from the judgment.

Subsequent to the entry of the injunction the Kirby ceased to operate as a first run theatre. In 1958 the appellant filed a petition for the modification of the injunction by giving him an opportunity to compete with the Loew's State, Metropolitan and Majestic Theatres. The district court, as appears in its opinion, concluded that the principles of estoppel and res judicata were controlling as against the appellant and dismissed the petition to modify.

 The district court, having retained jurisdiction, could entertain a petition for the modification of the injunction, and it could no doubt have exercised such jurisdiction even though it had not been expressly reserved. United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999. It does not follow, however, that issues which have been submitted to the court and have been decided by it may be relitigated upon an application for modification. A review of the determination of such issues and the correction of an erroneous decision may be accomplished by the established appellate procedures. 28 Am.Jur. 832, Injunctions § 319, Restatement, Judgments § 46; 6 Toumlin Anti-Trust Laws 580 § 18.17. Since it was expressly decided on the original application for an injunction that the appellant's Delman Theatre was not in competition with appellees' Loew's State, Metropolitan and Majestic Theatres, and no subsequently occurring fact is asserted as establishing the contrary of that determination, any modification of the injunction such as is now sought would be a reversal of the determination of an issue decided by the court and accepted by the appellant.

The district court's judgment is

Affirmed.